# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:14-CV-683-MOC-DCK

| | |
|---|---|
| **DARLENE TALLEY, individually and as guardian ad litem of Tanisha Williams, an incompetent person,** | )<br>)<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | )<br>) **PROTECTIVE ORDER**<br>) |
| **CITY OF CHARLOTTE, COUNTY OF MECKLENBURG; JASON VANAKEN, both individually and in his official capacity; DANNY LEUNG, both individually and in his official capacity; WAYNE GOODE III, both individually and in his official capacity; JOHN DOE, both individually and in his official capacity,** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| **Defendants.** | )<br>) |

      The parties herein stipulate to the entry of this Protective Order allowing release of all documents and materials that have been or could be withheld by the Defendants or any of their attorneys, both from their Rule 26(a)(l) Initial Disclosures or in response to Plaintiff's discovery requests in this action on the basis of N.C.G.S. § 132-1.4 (criminal investigations records) or N.C.G.S. § 160A-168 (city personnel records).

      Counsel for the parties hereby stipulate and agree to the following statements of facts, which authorize the Court's entry of the Protective Order:

      1.    It is anticipated that the production of certain documents and materials from the Defendants, which are confidential documents protected under N.C.G.S. §132-1.4 and N.C.G.S. §160A-168, may either be requested by Plaintiff in discovery or be necessary for purposes of Defendants' defenses in this matter.

      2.    Definitions.

      a.    "Document" means all writings, drawings, graphs, charts, recordings, and any other documents as defined in Rule 34 of the Federal Rules of Civil Procedure.

      b.    "Material" means any document, any answer to any interrogatory or other discovery request in this action, any portion of any deposition (including deposition exhibits) in this action, any physical object, and/or other information produced, given, or filed in this action.

      c.    "Parties" mean the Plaintiff and Defendants in this action.

3. Subject to and without waiving their objections under N.C.G.S. §132-1.4 and N.C.G.S. §160A-168, and with the exception of documents that are otherwise objectionable for other reasons, Defendants shall produce documents protected under the aforementioned statutory authorities, under the terms of this Protective Order and upon entry of the same. Defendants otherwise reserve the right to object to the production of documents for reasons other than those set forth in the aforementioned statutory authorities.

4. Counsel may designate any document or information contained in a document as confidential if counsel determines in good faith that such a designation is necessary pursuant to N.C.G.S. §132-1.4 (criminal investigation records) and/or N.C.G.S. §160A-168 (city personnel records). Information and documents designated as confidential per this Order shall be labeled "CONFIDENTIAL- PRODUCED PURSUANT TO PROTECTIVE ORDER."

5. Except as may be otherwise provided by further order of the Court, the documents and materials that are protected under N.C.G.S. § 132-1.4 (criminal investigations records) or N.C.G.S. § 160A-168 (city personnel records) shall be used *for no purpose other than prosecuting or defending this action, including any and all motions such as motions for summary judgment, and shall be disclosed only to the persons identified below.*

6. Access to and use of any documents or materials that are protected under N.C.G.S. § 132-1.4 (criminal investigations records) or N.C.G.S. § 160A-168 (city personnel records), or any part thereof, shall be limited to the following qualified persons/entities:

   a. The parties and attorneys of record for the parties, and their legal assistants, other staff members, and law student clerks; insurers, their agents and employees; outside companies engaged by attorneys for the parties to photocopy such documents; officers, managers, owners or employees of the parties who provide material assistance in the legal representation of the parties;

   b. A deponent in the action (during a deposition or in preparation therefore) when the confidential materials are materially related to the questions asked to or testimony of such deponent;

   c. Mediators designated in this action;

   d. Consultants and technical experts involved in the preparation of this action;

   e. Court reporters, their transcribers, assistants and employees engaged to assist in depositions taken in this action;

   f. Any potential or actual deposition or trial witness to the extent that it is necessary to tender to such witness as an exhibit a confidential document in order to elicit testimony relevant to the matters at issue in this case;

   g. The jury and trier of fact in this case; and

   h. The judge and/or magistrate presiding over any hearing or trial of this action and his or her assistants and employees.

7. In addition, the above individuals and entities that are permitted access to the subject documents and materials are hereby ordered not to show, convey or reproduce any documents or materials so designated, or parts thereof, or copies thereof, or any matter contained therein, or any extracts or summaries thereof, to any individual or to any entity that would not otherwise have access to said documents and materials under the provisions of this Protective Order.

8. In addition, counsel may make copies of the documents and materials that are protected under N.C.G.S. § 132-1.4 (criminal investigations records) or N.C.G.S. § 160A-168 (city personnel records) for Plaintiff s or Defendants' non-party witnesses upon receiving from said witnesses *a written agreement* that they will be bound by the terms of this Protective Order. The requirement of obtaining such an agreement shall be satisfied by having each of Plaintiff s or Defendants' non-party witnesses read, acknowledge, and agree in writing to be bound by this Protective Order. A file of all such written acknowledgments shall be maintained by Plaintiff s and/or Defendants' counsel. By signing the declaration agreeing to be bound by this Protective Order, each of Plaintiff s or Defendants' non-party witnesses submits himself or herself to the jurisdiction of the Court for purposes of enforcement of this Protective Order. A copy of the form agreement to be used is attached hereto as <u>Exhibit A.</u>

9. The production or disclosure of the documents and materials that are protected under N.C.G.S. § 132-1.4 (criminal investigations records) or N.C.G.S. § 160A-168 (city personnel records), pursuant to the terms of this Order, shall not waive or prejudice the right of any party to object to the production or admissibility of documents or information on grounds other than confidentiality in this action or in any other action.

10. Counsel for the parties are responsible for notifying any person who is provided any information derived from the documents or materials that are protected under N.C.G.S. § 132-1.4 (criminal investigations records) or N.C.G.S. § 160A-168 (city personnel records) about the terms of this Protective Order. Counsel shall keep a record of all persons to whom disclosures are made.

11. Any documents or materials that are protected under N.C.G.S. § 132-1.4 (criminal investigations records) or N.C.G.S. § 160A-168 (city personnel records) shall be filed under seal in accordance with LCvR 6.l(B) and 55.l(D) and Section II (11) of the Administrative Procedures for the Western District of North Carolina.

12. Each person who receives any documents, materials or information described herein submits himself or herself to the personal jurisdiction of the Court, wherever he or she shall be, for the enforcement of this Order.

13. It is specifically agreed that making the aforesaid documents or materials available for inspection, and the production of the aforesaid documents or materials, shall not constitute a waiver by the parties of any claim of confidentiality or to any objection as to the admissibility into evidence of any such documents or materials at the trial of this action. The parties reserve all rights to object to the admissibility of such documents, materials and information as provided by the Federal Rules of Evidence and the Federal Rules of Civil Procedure.

14. Nothing in this Protective Order shall require disclosure of any documents, materials or information that the conveying party contends is protected from disclosure by the attorney-client privilege, documents or materials produced in anticipation of litigation, or as constituting attorney work product materials.

15. All originals and copies of the documents or materials that are protected under N.C.G.S. § 132-1.4 (criminal investigations records) or N.C.G.S. § 160A-168 (city personnel records) and in the possession of Plaintiff, his counsel, and his witnesses shall be returned to the Defendants at the conclusion of this action, with a certification that no other copies exist, and that all copies have been duly returned in compliance with this Order.

16. Upon the completion of this action, including the conclusion of any and all appeals, the ultimate disposition of all documents or materials that are protected under N.C.G.S. § 132-1.4 (criminal investigations records) or N.C.G.S. § 160A-168 (city personnel records) and were maintained in sealed files of the Court, shall be subject to a final order of the Court.

17. This Protective Order shall not prevent any party from applying to the Court for relief from this Protective Order or from applying to the Court for further or additional Protective Orders, or from agreeing between themselves to modification of this Protective Order, subject to the approval of the Court.

Signed: March 31, 2015

_____
David C. Keesler
United States Magistrate Judge

**EXHIBIT A**

I have been informed that certain documents or information disclosed to me in connection with <u>Darlene Talley v. City of Charlotte et al.,</u> Civil Action No.: 3:14-CV-683, have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL- PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

Printed Name: *William H. Harding*
Signature: *William H. Harding*
Date: *March 17, 2015*