UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00683-MOC-DCK

| | | |
|---|---|---|
| **DARLENE TALLEY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **CITY OF CHARLOTTE** | ) | |
| **MECKLENBURG COUNTY** | ) | |
| **WAYNE GOODE III** | ) | |
| **JASON VANAKEN** | ) | |
| **JOHN DOE** | ) | |
| **DANNY LEUNG,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on defendants City of Charlotte's and Jason Vanaken's Motion to Strike Pursuant to Rule 12(f). Defendants seek to strike from plaintiff's Complaint (#1-3) certain allegations of professional and criminal misconduct by Defendant Vanaken, which apparently arose in an incident separate and apart from the events at issue in this case, and involve allegations of excessive force and police brutality. Brief review of the Complaint in this matter reveal that this action concerns allegations that Defendant Vanaken, among others, failed to take steps to keep Ms. Williams from harming herself and thereafter failed to secure appropriate care after her arrest.

Under Rule 12(f), the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Striking a pleading is a drastic remedy. <u>Augustus v. Board of Public Instruction of Excambia County, Florida</u>, et

-1-

al., 306 F.2d 862, 868 (5th Cir.1962). A pleading should only be stricken when the pleading bears no relationship to the controversy. Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir.1953). A motion to strike places a "sizable burden on the movant," Clark v. Milam, 152 F.R.D. 66, 70 (S.D.W.Va.1993), and would typically require a showing that denial of the motion would prejudice the movant. Id.

The court has carefully considered the briefs of the parties on this issue. While plaintiff has accurately stated the position of the Eastern District of Virginia on the timely filing of Rule 12(f) motions, the undersigned's position is inapposite as under the Local Civil Rules of this Court, even Rule 12(b) motions may be filed simultaneously with the Answer or even preserved by filing them in the Answer. The court finds the defendants' motion here to be timely.

Next the court has considered the merits of defendants' motion. While the connection between the alleged misconduct in paragraphs 18 and 19 is tenuous when considered alongside the factual averments and claims in this case, the court cannot affirmatively find at this point that it "bears no relationship" to this controversy. Brown, supra. While the court recognizes that defendants' underlying concern is that plaintiff will read the Complaint and those averments to the jury, that will *not* take place in this case unless and until the relevancy of those averments are considered and decided *in limine* at the time of trial. Indeed, if such allegations survive a Rule 402 relevancy review, they will also have to survive a Rule 403 review, which will require a balancing of probative value and unfair prejudice, all of which will occur before even a forecast of evidence is given to

the jury that touches on those allegations.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendants City of Charlotte's and Jason Vanaken's Motion to Strike Pursuant to Rule 12(f) (#10) is **DENIED** without prejudice as to filing a Motion In Limine at the time of trial.

Signed: April 29, 2015

Max O. Cogburn Jr.
United States District Judge