| | |
|---|---|
| DARLENE TALLEY, individually, and as *guardian ad litem* of Tanisha Williams**,** an incompetent person, <br><br>     Plaintiffs, <br><br> CITY OF CHARLOTTE; JASON VANAKEN, both individually and in his official capacity as a law enforcement officer with the CMPD; DANNY LEUNG, both individually and in his official capacity as a law enforcement officer with the CMPD; WAYNE GOODE III, both individually and in his official capacity as a law enforcement officer with the CMPD; and, JOHN DOE, both individually and in his Official capacity as a law enforcement officer for the CMPD, <br><br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## AMENDED COMPLAINT

**COMES NOW**, Plaintiffs by and through their undersigned attorneys of record and with written consent of Defendants, hereby amend their Complaint adding Officer Joseph White as an additional defendant and dismissing without prejudice Defendant Officers Jason Vanaken and Danny Leung:

## PARTIES, JURISDICTION AND VENUE

1.    The causes of action alleged herein arise from acts and omissions occurring in Charlotte, Mecklenburg County, North Carolina.

2.    The Superior Court has jurisdiction over this matter pursuant to N.C. Gen. Stat. § 7A-240 *et seq*. and Mecklenburg County is the proper venue pursuant to N.C. Gen. Stat. § 1-82.

3.    At all times relevant to the incident alleged herein, Ms. Tanisha Williams (hereinafter "Tanisha") is a citizen and a resident of Charlotte, Mecklenburg County, North Carolina.

4.    Due to a severe anoxic brain injury suffered on December 5, 2011, Tanisha is incompetent, unable to communicate, ambulate or care for her most basic needs.

5.      The Plaintiff, Darlene Talley (hereinafter "Plaintiff"), is a citizen and resident of Charlotte, Mecklenburg County, North Carolina, the biological grandmother and adoptive parent of Tanisha Williams.

6.      Plaintiff Darlene Talley has been duly appointed as the *guardian ad litem* of Tanisha Williams by the Superior Court of Mecklenburg County, as Tanisha is an incompetent person, incapable of acting in her own self-interest.

7.      The Defendant City of Charlotte (hereinafter "City"), was and is a municipal corporation located in Mecklenburg County, North Carolina, duly chartered and existing pursuant to the provisions of N.C. Gen. Stat. §160A-11, and vested with corporate powers and rights as specified in N.C. Gen. Stat. § 160A-11, including, but not limited to, the capacity to sue and be sued.  At all times relevant to this action, the City acted through its managers and policy makers, including the Chief of Police and other employees of the Charlotte-Mecklenburg Police Department (hereinafter "CMPD") and the acts, edicts, and practices of said persons whom represent the official policies of the City.

8.      Upon information and belief, the City has secured liability insurance, applicable to liability from any negligence, tortuous conduct, or any other cause of action as alleged in this Complaint by employees and/or agents acting within the course and scope of their employment with the City, and therefore waives any and all claims for municipal immunity.

9.      Upon information and belief, the City participated in a local government risk pool or other functional and substantive equivalent thereof, at all times applicable to the events that are the subject of this civil action.

10.     Subject matter jurisdiction is therefore appropriate and proper and any and all such municipal, county, governmental, or sovereign immunity is and has been fully waived pursuant to North Carolina law, including but not limited to, N.C. Gen. Stat. §160A-485 and/or N.C. Gen. Stat. §153A-435.

11.     Upon Information and belief, Defendant Joseph White (hereinafter "White") is a citizen and resident of Mecklenburg County, North Carolina. White is sued in this action in his individual and official capacities for both compensatory damages pursuant to both state and federal law.

12.     At all times relevant to the incident alleged herein, White was employed by the City as a law enforcement officer and was acting as an agent of the City and/or County while within the course and scope of his employment and duties as a sworn law enforcement officer of the CMPD, and was acting under the color of state laws, statutes, regulations, customs, practices, and usage of the City of Charlotte, County of Mecklenburg, and the State of North Carolina. White is being sued in this action in both his individual and official capacities for compensatory damages.

13.     White's conduct alleged herein was deliberate, grossly negligent, in bad faith, intentional, wanton, willful, and/or done with a conscious or reckless disregard for the rights and safety of others, including Tanisha.

14.     White is not entitled to public official immunity for the claims alleged herein pursuant to the "public duty doctrine."

15.     Upon information and belief, Defendant Wayne Goode III (hereinafter "Goode") is a citizen and resident of Mecklenburg County, North Carolina. Goode is sued in this action in his individual and official capacities for both compensatory damages pursuant to both state and federal law.

16.     At all times relevant to the incident alleged herein, Goode was hired by the City and acting under color of state law within the course and scope of his job duties as a law enforcement officer with the CMPD.  Goode is being sued in this action in both his individual and official capacities for compensatory damages.

17.     At all times relevant to the incident alleged herein, Goode was employed by the City as a law enforcement officer and was acting as an agent of the City and/or County while within the course and scope of his employment and duties as a sworn law enforcement officer of the CMPD, and was acting under the color of state laws, statutes, regulations, customs, practices, and usage of the City of Charlotte, County of Mecklenburg, and the State of North Carolina. Goode is being sued in this action in both his individual and official capacities for compensatory damages.

18.     Goode's conduct alleged herein was deliberate, grossly negligent, in bad faith, intentional, wanton, willful, and/or done with conscious or reckless disregard for the rights and safety of others, including Tanisha.

19.     Goode is not entitled to public immunity for the claims alleged herein under the "Public Duty Doctrine."

20.     Upon information and belief, Defendant John Doe ("hereinafter "John Doe") is a citizen and resident of Mecklenburg County, North Carolina. John Doe is sued in this action in his individual and official capacities for compensatory damages pursuant to both state and federal law.

21.     At the time of the alleged herein, John Doe was hired by the City and acting under color of state law within the course and scope of his job duties as a law enforcement officer with the CMPD.  John Doe is being sued in this action in both his individual and official capacities for compensatory damages.

22.     At all times relevant to this incident alleged herein, John Doe was employed by the City as a law enforcement officer and was acting as an agent of the City and/or County while within the course and scope of his employment and duties as a sworn law enforcement officer of the CMPD, and was acting under the color of state laws, statutes, regulations, customs, practices, and usage of the City of Charlotte, County of Mecklenburg, and the State of North Carolina. John Doe is being sued in this action in both his individual and official capacities for compensatory damages.

23.     John Doe is a fictitious party pursuant to N.C. Gen Stat. § 1-166 and represents any and all individual officers involved in the injuries sustained by Plaintiff whose identities are

unknown as of the filing date of this Complaint. Upon the discovery of these unidentified persons, Plaintiffs will amend the Complaint pursuant to the plain language of N.C. Gen Stat. § 1-166 and Rule 15 of the North Carolina Rules of Civil Procedure.

24.     John Doe's conduct alleged herein was deliberate, grossly negligent, in bad faith, intentional, wanton, willful, and/or done with conscious or reckless disregard for the rights and safety of others, including Tanisha.

25.     John Doe is not entitled to public official immunity for the claims alleged herein pursuant to the "public duty doctrine."

26.     At all times relevant to the incident alleged herein, Tanisha was under arrest by the Defendants.   At the time of her arrest and detention, the Plaintiff alleges that a "special relationship" was formed between Tanisha and all of the named Defendants.   Said "special relationship" was created by Tanisha being under the exclusive custody and control of the Defendants.

27.     The grossly negligent acts, omissions, and liability of all named Defendants including their agents, principals, employees and/or servants, both directly and vicariously, pursuant to principals of non-delegable duty, corporate liability, actual authority, apparent authority, actual agency, ostensible agency and/or *respondent superior*, as well as the acts and/or omissions of the above-named Defendants, were a direct and proximate cause of the injuries, damages, and losses sustained by the Plaintiff.

## JOINT AND SEVERAL LIABILITY

28.     Plaintiff hereby incorporates the allegations contained in prior paragraphs of this Complaint, by reference thereto, as if herein fully set forth.

29.     The Defendants are jointly and severally liable for all damages to the Plaintiff alleged herein since their negligent, grossly negligent, reckless, and wanton acts and omissions, singularly or in combination, are a direct and proximate cause of Plaintiff's damages, injuries and losses.

## DISABILITY OF TANISHA WILLIAMS

30.     On December 5, 2011, the date of injury, Tanisha Williams was an eighteen (18) year old incompetent adult resident of Charlotte, Mecklenburg County, North Carolina.

31.     Tanisha had a history of mental illness, had been diagnosed bi-polar and had received in-patient and counseling services at Carolinas Medical Center – Behavioral Health Center, Brynn Marr Hospital and New Hope Treatment Center, a residential behavioral healthcare provider for juveniles in Rock Hill, South Carolina.

32.     At the time of the incident on December 5, 2011, Tanisha was an incompetent adult and lacked sufficient capacity to manage her own affairs or to make or communicate important

decisions concerning her person due to mental illness, mental retardation, inebriety or similar cause or condition.

33.     Prior to December 5, 2011, Tanisha was an "incompetent child" lacking sufficient capacity to manage her own affairs or to make or communicate important decisions concerning her person due to mental illness, mental retardation, inebriety or similar cause or condition.

34.     Based on information and belief, Tanisha had previously attempted suicide or attempted to harm herself while in police custody on or about December 1, 2009 when she was 16 years old.

35.     Tanisha had been repeatedly hospitalized and placed on suicide alert due to her unstable mental health and suicidal ideations.

36.     At the age of 17 years old, Tanisha was hospitalized at CMC-Behavioral Health and transferred to Brynn Marr Hospital from approximately August 18 – 31, 2010 and diagnosed with bi-polar disorder, marijuana abuse and conduct disorder.

37.     Tanisha voluntarily sought emergency mental health treatment for bi-polar disorder at CMC- Behavioral Health Center at the age of 18 years old on April 12, April 14 and August 6, 2011.

38.     Tanisha's medical history is significant for repeated sexual abuse. At the age of 18 years old, she reported an attempted sexual assault requiring medical attention. It is also reported that Tanisha suffered repeated sexual abuse and rapes at the age of 3 years old and severe abuse from her mother prior to her grandmother taking parental responsibility for Tanisha approximately at the age of 7 years old.

39.     Tanisha's medical history is significant for *in utero* cocaine exposure and for abuse of marijuana as a minor.

40.     From the age of 13 to 16 years old, Tanisha was placed in numerous group homes and held in juvenile detention facilities in part due to her physically harming herself, post traumatic stress disorder and depression.

41.     Tanisha was hospitalized at Behavioral Health Center at the age of 13 years old on two separate occasions March 13-21, 2006 and November 28 – December 6, 2006 at which time Tanisha was diagnosed with Post Traumatic Stress Disorder, major depression and borderline intellectual functioning.

42.     Tanisha was hospitalized at Behavioral Health Center at the age of 13 years old on two separate occasions March 13-21, 2006 and November 28 – December 6, 2006 at which time Tanisha was diagnosed with Post Traumatic Stress Disorder, major depression and borderline intellectual functioning.

43.     After the incident on December 5, 2011, Tanisha remains disabled and has subsequent physical and mental disabilities that supervene her disabilities prior to December 5, 2011.

44.     After December 5, 2011, due to her injuries, Tanisha is permanently unable to speak or otherwise communicate, walk, stand or to anyway handle the care of personal needs or affairs.

## FACTS

45.     On or about December 5, 2011, Tanisha entered Citi Trends with the intention of patronizing the store.

46.     At some point prior to leaving the store, Tanisha was accused of shoplifting a shirt which cost approximately twenty dollars ($20.00).

47.     Upon information and belief, on or about 6:54p.m., the Charlotte Mecklenburg Police Department was dispatched to Citi Trends on Freedom Drive.

48.     White, Goode, and/or John Doe, arrived at the store and questioned Tanisha.

49.     White, Goode, and/or John Doe subsequently detained and arrested Tanisha.

50.     At all times relevant to the incident alleged herein, Tanisha was overtly emotional and in extreme distress regarding her detention by the Defendants.

51.     White, Goode, and/or John Doe, handcuffed Tanisha and placed her in the backseat of a police car.

52.     Defendant police officers detained Tanisha and placed her in their exclusive custody.

53.     While within their exclusive custody and control, White, Goode, and/or John Doe, witnessed Tanisha repeatedly thrash her head into the Plexiglas of the police car she was detained within, violently striking her head seventeen (17) times causing extensive injury to herself and damage to the Plexiglas.

54.     Tanisha suffered and caused visible injuries to her head including a laceration and hematoma.

55.     White, Goode, and/or John Doe observed Tanisha in the process of causing harming herself by thrashing her head against the Plexiglas of the patrol car.

56.     White, Goode, and/or John Doe failed to intervene or restrain Tanisha after witnessing her violently and repeatedly strike her head against the Plexiglas after her arrest.

57.     As White, Goode, and/or John Doe observed Tanisha violently striking her head against the police car's plexiglass, White, Goode, and/or John Doe turned the patrol car's dash camera towards the back seat to record Tanisha' conduct.

58.     Based on information and belief, Defendant officers were also wearing recording microphones, part of their DMVR systems on their person that recorded their statements and actions while at the scene and interactions with Tanisha.

59.     Based on information and belief, the digital recordings from the Defendant officers on the scene were and should be under the exclusive custody of Defendants.

60.     As White, Goode, and/or John Doe observed Tanisha violently striking her head against the police car's plexiglas causing it to crack, White, Goode, and/or John Doe verbally berated and threatened Tanisha by telling her that she would be charged with destruction of property if her conduct did not cease.

61.     It was observable to Defendant officers that while in their custody, Tanisha was a person in extreme distress and mentally ill requiring immediate assistance and medical intervention.

62.     Based on information and belief, Tanisha exhibited signs of extreme distress including but not limited to:
   a.  Impaired ability to focus;
   b.  Rambling and incoherent speech;
   c.  Signs of paranoia, fear and excitability, heightened by her detention by officers;
   d.  Behavior self-inflicting pain; and
   e.  Extreme agitation

63.     After Tanisha repeatedly slammed her head into the police car's plexiglass, White, Goode, and/or John Doe left the immediate area of the police car containing Tanisha and failed to maintain visual observation of Tanisha was in extreme distress

64.     As Tanisha continued to violently strike her head against the plexiglass of the police car, she was in the exclusive custody and control of Defendants.

65.     After detaining Tanisha, White, Goode, and/or John Doe had a special relationship with her requiring that they act to restrain her from injuring herself.

66.     After repeatedly striking her head into the plexiglass of the police car while in the custody of the Defendants, Tanisha became asphyxiated and her airway was blocked by the patrol car's seatbelt.

67.     White, Goode, and/or John Doe failed to promptly notice that Tanisha had become asphyxiated while in the custody of Defendants.

68.     White, Goode, and/or John Doe allowed Tanisha to become asphyxiated for a clinically significant period of time while she was handcuffed and in the exclusive custody and control of the Defendants.

69.     After the violently agitated Tanisha suddenly stopped thrashing her head against the Plexiglas of the patrol car, Defendant officers failed to physically check Tanisha's breathing, failed to ask Tanisha questions to check her well being, or to check any restrictions to Tanisha's airway.

70.      White, Goode, and/or John Doe were sitting in the CMPD patrol car typing on a laptop computer while Tanisha remained asphyxiated in the back seat of their patrol car.

71.     As a direct and proximate cause of the acts and omissions of the Defendants, as alleged herein, Tanisha suffered an anoxic brain injury that will permanently impair the 18 year old for the entirety of her life.

72.     Tanisha's injuries were life-threatening and required acute hospitalization from December 5, 2011 through January 24, 2012.

73.     Even upon discharge from hospital care, Tanisha required transportation by ambulance, the use of a tracheostomy tube with oxygen suctioning, the use of a feeding tube, the home use of a hospital bed, a Hoyer lift, a home health aide, and a medical social worker.

76.     Currently, due to her injuries, Tanisha has lost all enjoyment of life.
She is unable to communicate, stand and is completely dependent on the care of others.

77.     Plaintiffs incurred numerous medical bills as a result of the injuries Tanisha sustained on December 5, 2011.

78.     Plaintiff Tanisha incurs future medical bills and requires on-going constant care.

## FIRST CAUSE OF ACTION:
## GROSS NEGLIGENCE OF DEFENDANT CITY OF CHARLOTTE

79.     Plaintiff hereby incorporates the allegations contained in prior paragraphs of this Complaint, by reference thereto, as if herein fully set forth.

80.      The City owed a duty to Tanisha and the general public to ensure that the CMPD, its agents, and employees, would and could perform their duties in a manner as to avoid placing Tanisha and other members of the public in unreasonable danger of serious injury or death.

81.     The City breached these duties with regard to Tanisha and Plaintiff in several ways, including by not limited to, the following:

a. It failed to ensure that the CMPD adequately trained, supervised, instructed and or/ monitored its employees and agents regarding the safety of arrestees once taken into custody;

b. It failed to ensure that the CMPD established reasonable and appropriate policies and procedures governing the manner in which CMPD personnel would respond to calls involving potential suspects;

c. It failed to ensure that the CMPD had established reasonable and appropriate policies regarding the hiring, promotion, and retention of law enforcement personnel;

d. It failed to ensure that all Charlotte-Mecklenburg Department personnel complied with existing policies and procedures with regard to the arrest and detention of an arrestee which demonstrated signs of extreme duress, including but not limited to, mental disorders and suicidal tendencies;

e. It failed to act appropriately after becoming aware that an arrestee poised a significant risk of harm to herself; and,

f. It was careless and negligent in such other ways as may be identified during the course of discovery and/or trial.

82. The City's negligent acts and omissions are direct and proximate causes of the severe and permanent injuries for which Plaintiff is entitled to recover damages under North Carolina law.

83. At all times relevant to the incident alleged herein, White , Goode, and/or John Doe committed the negligent acts and omissions alleged while acting within the course and scope of their employment and/or agency with the CMPD and the City. As such, the City is liable for the negligent acts and omissions of White, Goode, and/or John Doe and their negligence is imputed to the City through the doctrines of agency, vicarious liability, and *respondent superior*.

**SECOND CAUSE OF ACTION:**
**NEGLIGENCE/GROSS NEGLIGENCE OF DEFENDANT JOSEPH WHITE**
**in his individual and official capacities**

84. Plaintiff hereby incorporates the allegations contained in prior paragraphs of this Complaint, by reference thereto, as if herein fully set forth.

85. White, individually and in his official capacity as a patrol officer for the CMPD, was negligent at the time and place alleged herein, and his negligent acts and omissions include, but are not limited to, the following:

a. He failed to possess and/or demonstrate the necessary training and experience to serve as a patrol officer in the CMPD and respond to an arrestee which exhibited signs of severe emotional distress and/or mental illness;

b. He failed to take appropriate steps to prevent Tanisha from severely harming herself after witnessing her violently repeatedly striking her head on the Plexiglas of the Charlotte-Mecklenburg Police vehicle after her arrest;

     c.     He failed to maintain proper and continuous watch over Tanisha after her arrest and while in the back seat of the Charlotte-Mecklenburg Patrol vehicle;

     d.     He failed to contact appropriate medical personnel after witnessing Tanisha violently striking her head on the Plexiglas of the Charlotte-Mecklenburg Patrol vehicle after her arrest;

     e.     He used combative, provocative, and aggressive methods of communication with Tanisha after her arrest, as opposed to making in any attempt to discern the reason for her violent, self-destructive behavior; and,

     f.     He was otherwise careless and negligent in such other ways as may be revealed by discovery or during the trial of this action.

86.     At all times relevant to the incident alleged herein, White's actions were malicious, intentional, unreasonable, willful and wanton, and grossly negligent. White acted with conscious and reckless disregard for the safety of those whom he is charged to protect, including Tanisha and Plaintiff. Based upon the severity and deliberately indifferent nature of White's conduct, he is not entitled to immunity from personal liability and may be sued in his individual capacity.

87.     The negligent acts and omissions of White, as described herein, were a proximate cause of the injuries and damages sustained by Tanisha and Plaintiff.

88.     The acts and omissions of White, as described hereinabove, were willful, wanton, and/or reckless, and amount to gross negligence.

89.     White was aware of the probable consequences of his conduct, including severe personal injuries, in recklessly failing to intervene after Tanisha's actions demonstrated severe emotional and mental distress. Notwithstanding these probable consequences, White elected to do nothing.

90.     White's negligent acts and omissions are imputed by law to the City and County by reason of White's agency relationship with, and employment by, the City and County at all times relevant to the incident alleged herein, pursuant to the doctrine of *respondent superior*.

91.     Plaintiff is entitled to recover from the Defendants, jointly and severally, an amount in excess of Ten Thousand Dollars ($10,000.00) as a result of White's negligence, gross negligence, and/or willful and wanton negligence.

## THIRD CAUSE OF ACTION:
## NEGLIGENCE/GROSS NEGLIGENCE OF DEFENDANT WAYNE GOODE III
## in his individual and official capacities

92.     Plaintiff hereby incorporates the allegations contained in prior paragraphs of this Complaint, by reference thereto, as if herein fully set forth.

93.     Goode, individually and in his official capacity as a patrol officer for CMPD, was negligent at the time and place alleged herein, and his negligent acts and omissions include, but are not limited to, the following:

a. He failed to possess and/or demonstrate the necessary training and experience to serve as a patrol officer in the CMPD and respond to an arrestee which exhibited signs of severe emotional distress and/or mental illness;

b. He failed to take appropriate steps to prevent Tanisha from severely harming herself after witnessing her violently repeatedly striking her head on the Plexiglas of the Charlotte-Mecklenburg Police vehicle after her arrest;

c. He failed to maintain proper and continuous watch over Tanisha after her arrest and while in the back seat of the Charlotte-Mecklenburg Patrol vehicle;

d. He failed to contact appropriate medical personnel after witnessing Tanisha violently striking her head on the Plexiglas of the Charlotte-Mecklenburg Patrol vehicle after her arrest;

e. He used combative, provocative, and aggressive methods of communication with Tanisha after her arrest, as opposed to making in any attempt to discern the reason for her violent, self-destructive behavior; and,

f. He was otherwise careless and negligent in such other ways as may be revealed by discovery or during the trial of this action.

94. At all times relevant to the incident alleged herein, Goode's actions were malicious, intentional, unreasonable, willful and wanton, and grossly negligent. Goode acted with conscious and reckless disregard for the safety of those whom he is charged to protect, including Tanisha and Plaintiff. Based upon the severity and deliberately indifferent nature of Goode's conduct, he is not entitled to immunity from personal liability and may be sued in his individual capacity.

95. The negligent acts and omissions of Goode, as described herein, were a proximate cause of the injuries and damages sustained by Tanisha and Plaintiff.

96. The acts and omissions of Goode, as described hereinabove, were willful, wanton and/or reckless, and amount to gross negligence.

97. Goode was aware of the probable consequences of his conduct, including severe personal injuries, in recklessly failing to intervene after Tanisha' actions demonstrated severe emotional and mental distress. Notwithstanding these probable consequences, Goode elected to do nothing.

98. Goode's negligent acts and omissions are imputed by law to the City and County by reason of Goode's agency relationship with, and employment by, the City and County at all times relevant to the incident alleged herein, pursuant to the doctrine of *respondent superior*.

99. Plaintiff is entitled to recover from the Defendants, jointly and severally, an amount in excess of Ten Thousand Dollars ($10,000.00) as a result of Goode's negligence, gross negligence, and/or willful and wanton negligence.

## FOURTH CAUSE OF ACTION:
## NEGLIGENCE/GROSS NEGLIGENCE OF DEFENDANT JOHN DOE
### in his individual and official capacities

100. Plaintiff hereby incorporates the allegations contained in prior paragraphs of this Complaint, by reference thereto, as if herein fully set forth.

101. John Doe, individually and in his official capacity as a patrol officer for CMPD, was negligent at the time and place alleged herein, and his negligent acts and omissions include, but are not limited to, the following:

    a. He failed to possess and/or demonstrate the necessary training and experience to serve as a patrol officer in the CMPD and respond to an arrestee which exhibited signs of severe emotional distress and/or mental illness;

    b. He failed to take appropriate steps to prevent Tanisha from severely harming herself after witnessing her violently repeatedly striking her head on the Plexiglas of the Charlotte-Mecklenburg Police vehicle after her arrest;

    c. He failed to maintain proper and continuous watch over Tanisha after her arrest and while in the back seat of the Charlotte-Mecklenburg Patrol vehicle;

    d. He failed to contact appropriate medical personnel after witnessing Tanisha violently striking her head on the Plexiglas of the Charlotte-Mecklenburg Patrol vehicle after her arrest;

    e. He used combative, provocative, and aggressive methods of communication with Tanisha after her arrest, as opposed to making in any attempt to discern the reason for her violent, self-destructive behavior; and,

    f. He was otherwise careless and negligent in such other ways as may be revealed by discovery or during the trial of this action.

102. At all times relevant to the incident alleged herein, John Doe's actions were malicious, intentional, unreasonable, willful and wanton, and grossly negligent. John Doe acted with conscious and reckless disregard for the safety of those whom he is charged to protect, including Tanisha and Plaintiff. Based upon the severity and deliberately indifferent nature of John Doe's conduct, he is not entitled to immunity from personal liability and may be sued in his individual capacity.

103. The negligent acts and omissions of John Doe, as described herein, were a proximate cause of the injuries and damages sustained by Tanisha and Plaintiff.

104. The acts and omissions of John Doe, as described hereinabove, were willful, wanton and/or reckless, and amount to gross negligence.

105. John Doe was aware of the probable consequences of his conduct, including severe personal injuries, in recklessly failing to intervene after Tanisha' actions demonstrated severe

emotional and mental distress. Notwithstanding these probable consequences, John Doe elected to do nothing.

106.    John Doe's negligent acts and omissions are imputed by law to the City and County by reason of John Doe's agency relationship with, and employment by, the City and County at all times relevant to the incident alleged herein, pursuant to the doctrine of *respondent superior*.

107.    Plaintiff is entitled to recover from the Defendants, jointly and severally, an amount in excess of Ten Thousand Dollars ($10,000.00) as a result of John Doe's negligence, gross negligence, and/or willful and wanton negligence.

### FIFTH CAUSE OF ACTION:
### 42 U.S.C. § 1983 LIABILITY OF DEFENDANT OFFICERS,
### in their individual and official capacities

108.    Plaintiff hereby incorporates the allegations contained in the prior paragraphs of this Complaint, by reference thereto, as if herein fully set forth.

109.    The unconstitutional actions and/or omissions of Defendants complained of herein were performed under color of state law for purposes of a valid claim pursuant to 42 U.S.C. § 1983 for the violation of constitutional rights.

110.    Defendants were required pursuant to the due process clause of the Fourteen Amendment and the Eight Amendment prohibition against cruel and unusual punishment clause to provide detainees held under the exclusive custody of law enforcement adequate and prompt medical care.

111.    The above-stated deliberately indifferent conduct of Defendants, as demonstrated towards Tanisha, caused such severe injuries to Tanisha that said indifference amounted to a "punishment" in violation of the Eighth Amendment of the United States Constitution and the due process clause of the Fourteenth Amendment of the United States Constitution.

112.    Defendant officers knew or should have known that Tanisha was suicidal or in need of emergency intervention, but acted with deliberate indifference in failing to take action to prevent Tanisha from injuring herself.

113.    Tanisha suffered from a mental or psychological impairment qualifying as an immediate medical need to which Defendants were required to, under the due process clause, not to be deliberately indifferent.

114.    There was observable behavior and objective evidence that Tanisha was a subject with mental illness/extreme distress at risk of death and requiring immediate proper care, including but not limited to: repeated irrational behavior causing self-inflicted pain and injury, impaired ability to focus, rambling and incoherent speech, signs of paranoia, fear and excitability, heightened by her detention by officers; and extreme agitation.

115.     Defendant Officers observed Tanisha engaging in conduct causing injury to herself yet just ignored it and failed to intervene until after Tanisha had become asphyxiated for an extended period.

116.     White, Goode, and John Doe's acts and omissions of reckless and deliberate indifference, include but are not limited to, the following:

      a.    Failing to adequately respond to Tanisha as she exhibited extreme emotional and mental distress by actively physically harming herself;

      b.    Creating unnecessary dangers and risks of serious harm or death, with deliberate indifference, to Tanisha as she was under arrest, within their exclusive dominion, custody, and control, and exhibiting symptoms of extreme emotional and mental distress;

      c.    The badgering and antagonizing of Tanisha as she exhibited symptoms of extreme emotional and mental distress while engaging in physically self-destructive behavior;

      d.    Failing to check Tanisha for respiratory arrest;

      e.    Failing to manage Tanisha as a medical emergency;

      f.    Failing to immediately contact and dispatch emergency medical attention;

      g.    Failing to talk the person down or verbally calm Tanisha;

      h.    Failing to employ reasonable and necessary force to restrain Tanisha from injuring herself;

      i.    Failing to provide close and continuous monitoring for any signs of medical distress such as irregular breathing or unresponsiveness;

      j.    Failing to immediately contact Crisis Intervention Team officers or a Mobile Crisis Team specifically trained to address the needs of the subjects who are mentally ill/extreme distress and,

      k.    In such other ways as may be learned during discovery or at the trial of this action.

117.     The above-named Defendants' conduct deprived Tanisha of her constitutional rights described herein and was engaged in with knowing, malicious, and conscious and reckless disregard for the rights and safety of Tanisha.

118.     Plaintiff seeks and is entitled to compensatory damages for the physical and emotional distress, medical bills, permanent impairments, mental anguish, humiliation, and other compensable injuries suffered by Tanisha as a result of the acts and omissions of the Defendants who have been sued in their individual capacities.

119.     Plaintiff is entitled to compensatory damages against the named Defendant Officers in their individual capacities because they acted with deliberate, willful, and wanton disregard of her rights and privileges.

120.     Plaintiff also seeks and is entitled to attorney fees and costs pursuant to 42 U.S.C. § 1988. Eighth

## SIXTH CAUSE OF ACTION:
## 42 U.S.C. § 1983,
## LIABILITY OF DEFENDANT CITY OF CHARLOTTE

121.    Plaintiff hereby incorporates the allegations contained in prior paragraphs of this Complaint, by reference thereto, as if herein fully set forth.

122.    Based on information and belief, Municipal Defendant maintained customs that were the moving force behind the constitutional violation of Plaintiff's right, to wit: prompt, adequate and necessary medical care of individuals detained and in custody of law enforcement.

123.    Based on information and belief, Municipal Defendant failed to train its officers on suicide prevention and addressing the needs of mentally ill persons.

124.    Municipal Defendant's failure to train amounted to deliberate indifference to the rights of persons with whom the police come in contact.

125.    The City's negligent acts and omissions, include but are not limited to, the following:

     a.     Failing to properly train White, Goode, and John Doe;
     b.     Failing to supervise and control subordinates;
     c.     Failing to correct unconstitutional practices, amounting to a reckless or callous indifference to the constitutional rights of others;
     d.     Failing to monitor, evaluate, and discipline officers of the CMPD with deliberate indifference to Tanisha's constitutional rights; and,
     e.     In such other ways as may be learned during discovery or at the trial of this action.

126.    The aforementioned customs, policies, and procedures, including the failure to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification, and toleration, of wrongful conduct by the City were a moving force and/or a proximate cause of the deprivations of Tanisha' constitutional rights in violation of 42 U.S.C. § 1983, as more fully set forth herein.

127.    The above-named Defendant's conduct deprived Tanisha of her constitutional rights described herein and was engaged in with knowing, malicious, and conscious and reckless disregard for the rights and safety of Tanisha.

128.    Plaintiff seeks and is entitled to compensatory damages for the physical and emotional distress, medical bills, permanent impairments, mental anguish, humiliation, and other compensable injuries suffered by Tanisha as a result of the acts and omissions of the Municipal Defendants.

129.    Plaintiff also seeks and is entitled to attorney fees and costs pursuant to 42 U.S.C. § 1988.

## SEVENTH CAUSE OF ACTION:
## Americans With Disabilities Act
## Against City of Charlotte

130.    Plaintiff hereby incorporates the allegations contained in prior paragraphs of this Complaint, by reference thereto, as if herein fully set forth.

131.    Congress enacted the Americans with Disabilities Act upon finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that such forms for discrimination continue to be "serious and pervasive social problem." 42 U.S.C. §12101(a)(2).

132.    In response to these findings, Congress explicitly stated that the purpose of the ADA is to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(l)-(2).

133.    Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. " 42 U.S.C. § 12132.

134.    The U.S. Department of Justice's regulations implementing Title II, particularly 28 C.F.R. § 35.160, require public entities to take appropriate steps to ensure that communications with members of the public with disabilities are as effective as communications with others.

135.    At all times relevant to this action, City of Charlotte was a public entity within the meaning of Title II of the ADA, and provided to the general public law enforcement programs, services, and/or activities for which effective communication was an integral part.

136.    At all times relevant to this action, Tanisha was a qualified individual with a disability within the meaning of Title II of the ADA and met the essential eligibility requirements for the receipt of due process and other law enforcement services, programs, and/or activities.

137.    Through its acts and omissions described herein, Municipal Defendant has violated Title II of the ADA by excluding Tanisha by reason of her disability from participation in and/or by denying her the benefits of due process and other law enforcement services, programs, and/or activities provided to the general public.

138.    Through the acts and omissions of its agents and employees the City subjected Tanisha to discrimination on the basis of his disability in violations of Title II of the ADA by failing to provide her with communication that was as effective as communication provided to the general public detained and under the exclusive custody of law enforcement.

139.     On information and belief agents and employees of municipal Defendant committed the acts and omissions alleged herein intentionally and/or reckless disregard of Plaintiff's rights.

140.     As a direct and proximate result of these acts, Plaintiffs sustained serious personal injuries and death, and the Plaintiffs suffered the damages outlined herein.

141.     On information and belief the agents and employees of municipal Defendant have failed and continue to fail to:
   a.     Train and supervise agents and employees to recognize and identify mentally ill persons,
   b.     Train and supervise agents and employees to effectively communicate and interact with mentally ill persons, and
   c.     Adopt, implement, and enforce adequate policies and procedures to provide effective communication and interaction with mentally ill persons.

142.     Because the discriminatory conduct of agents and employees is ongoing, declaratory and injunctive relief are appropriate remedies.

143.     Pursuant to 42 U.S.C. § 12133, Plaintiffs are entitled to injunctive relief and to recover damages and reasonable attorneys' fees and costs incurred in bringing this action

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, by and through undersigned counsel of record, having set forth her claims against the Defendants, hereby pray of the Court that she have and recover of the Defendants, the following:
   1.     That Plaintiffs have and recover of the Defendants, jointly and severally, a judgment in excess of Ten Thousand ($10,000.00) for compensatory damages, plus pre-judgment interest from the date of the filing of this action and post-judgment interest until any verdict is paid pursuant to North Carolina General Statutes §§ 24-1 and 24-5;

   2.     Injunctive relief compelling Defendants to provide adequate training on detaining persons with mental health issues and to provide necessary and prompt medical intervention to subjects with mental illness in extreme distress while in the exclusive custody of law enforcement.

   3.     That Defendants be taxed with the costs of this action;

   4.     That Plaintiffs recover reasonable attorney's fees and costs as provided by North Carolina law and 42 § U.S.C. 1988;

   5.     That Plaintiff receive a trial by jury on all issues triable by jury;

   6.     For other such relief to which the Plaintiff may be entitled given the allegations set

forth herein; and,

7.    For any such other and further relief, in law or in equity, as the Court may deem just and proper.

Respectfully submitted this 15th day of May 2015.

/s/ Charles Ali Everage
Charles Ali Everage, Esq.; NCSB #28267
Charles W. Hinnant, Esq.; NCSB #44459
**HUNTER | EVERAGE**
1800 Camden Road, Suite 104
Charlotte, NC 28203
(p) 704-377-9157
(f) 704-377-9160
(e) cae@hunter-everage.com
(e) chinnant@hunter-everage.com
*Attorneys for Plaintiff*

/s/ William H. Harding
William H. Harding, Esq
NCSB #40623
**LAW OFFICES OF WILLIAM H. HARDING**
9115 Harris Corners Parkway, Suite 220
Charlotte, NC 28269
(p) 704-509-3090
(f)  704-919-5620
(e)  bill@williamharding.com
*Attorney for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a copy of the Amended Complaint has been electronically filed with the Clerk of Court using the CM/ECF system and was served electronically on those entities that have properly registered for electronic service. Entities not registered for electronic service have been served via first-class mail, postage paid and properly addressed, as follows:

Ms. Lori Keeton, NC State Bar #25813
***Attorney for Defendant, Officer Wayne Goode III***
Lincoln Derr PLLC
6000 Fairview Road, Suite 655
Charlotte, North Carolina 28210

Mr. Jason Benton
Ms. Jessica Dixon
***Attorney for Defendants, City of Charlotte,***
***Jason VanAken, and Danny Leung***
Parker Poe Adams & Bernstein
Three Wells Fargo Center
401 South Tryon Street, Suite 3000
Charlotte, North Carolina 28202

This 15th day of May 2015.

/s/ Charles Ali Everage
Charles Ali Everage
**Attorney for Plaintiff**