UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-CV-683

| | |
|---|---|
| DARLENE TALLEY, individually, and as *guardian ad litem* of Tanisha Williams, an incompetent person,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CHARLOTTE; JOSEPH WHITE, both individually and in his official capacity as a law enforcement officer with the CMPD; WAYNE GOODE III, both individually and in his official capacity as a law enforcement officer with the CMPD; and JOHN DOE, both individually and in his official capacity as a law enforcement officer for the CMPD,<br><br>Defendants. | **DEFENDANT JOSEPH WHITE'S MOTION TO DISMISS AND ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |

Now Comes Defendant, Joseph White, in his individual capacity, by and through counsel, answering the Amended Complaint of the Plaintiff, alleges and says:

## FIRST DEFENSE

Defendant pleads lack of subject matter jurisdiction pursuant to the provisions of Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## SECOND DEFENSE

Plaintiff's' Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## THIRD DEFENSE

Defendant pleads all applicable immunities to which he is entitled to by operation of law and in bar of Plaintiff's claims herein, including, but not limited to, governmental immunity, qualified immunity, public official's immunity, and the public duty doctrine.

## FOURTH DEFENSE

Without waiving any defenses or motions, Defendant Joseph White, in his individual capacity, responds to the individually numbered allegations of Plaintiff's Amended Complaint as follows:

## PARTIES, JURISDICTION AND VENUE

1. It is admitted that the Amended Complaint filed by Plaintiff contains certain allegations and claims arising from an incident that occurred in Charlotte, Mecklenburg County, North Carolina. It is specifically denied that the Defendant is liable to Plaintiff under any statute, law or theory. Except as admitted, denied.

2. The allegations contained in paragraph 2 constitute conclusions of law for which no response is required. To the extent a response is required, denied as stated

3. Denied for lack of information or belief.

4. Denied for lack of information or belief.

5. Denied for lack of information or belief.

6. It is admitted upon information and belief that Darlene Talley has been appointed guardian ad litem on behalf of Tanisha Williams. Except as admitted, denied for lack of information or belief.

7. It is admitted that the City of Charlotte is a municipality located in Mecklenburg County, North Carolina. Except as admitted, denied for lack of information or

belief.

8. It is admitted that Defendant was a CMPD police officer and was acting within the course and scope of his employment at all times relevant to this action. It is specifically denied that the Defendant is liable to Plaintiff under any statute, law or theory. Except as admitted, denied for lack of information or belief.

9. Denied for lack of information or belief.

10. Paragraph 10 states legal conclusions to which no response is required. To the extent a response is required, denied as stated.

11. It is admitted that Defendant Joseph White is a citizen and resident of Mecklenburg County, North Carolina and that he has been sued in this action in his individual and official capacities for both compensatory damages pursuant to both state and federal law. It is specifically denied that Defendant is liable to Plaintiff under any statute, law or theory. Except as admitted, denied as stated.

12. Defendant White admits that at all times relevant to the incident alleged herein, he was employed by the City as a law enforcement officer with the CMPD and that he was acting in the course and scope of his employment and duties as an officer CMPD officer. It is further admitted that Defendant White is being sued in this action in both his individual and official capacities for compensatory damages. It is specifically denied that Defendant White is liable to Plaintiff under any statute, law or theory. Except as admitted, denied as stated.

13. Denied.

14. Paragraph 14 constitutes a legal conclusion and therefore, no response is required. To the extent a response is required, denied.

15. The allegations in Paragraph 15 do not relate to this Defendant and thus no

response is required. To the extent a response is required, denied for lack of information or belief.

16. Defendant admits that Goode was a CMPD officer at the time of the events alleged in this action. Except as admitted, denied as stated or for lack of information or belief.

17. Defendant admits that Goode was a CMPD officer at the time of the events alleged in this action. Except as admitted, denied as stated or for lack of information or belief.

18. The allegations in Paragraph 18 do not relate to this Defendant and thus no response is required. To the extent a response is required, denied.

19. The allegations in Paragraph 18 constitute legal conclusions to which no response is required. To the extent a response is required, denied.

20. The allegations in Paragraph 20 do not relate to this Defendant and thus no response is required. To the extent a responses is required, denied for lack of information or belief.

21. The allegations in Paragraph 21 do not relate to this Defendant and thus no response is required. To the extent a responses is required, denied for lack of information or belief.

22. The allegations in Paragraph 22 do not relate to this Defendant and thus no response is required. To the extent a responses is required, denied for lack of information or belief.

23. The allegations in Paragraph 23 do not relate to this Defendant and thus no response is required. To the extent a responses is required, denied for lack of information or

belief.

24. The allegations in Paragraph 24 do not relate to this Defendant and thus no response is required. To the extent a responses is required, denied for lack of information or belief.

25. The allegations in Paragraph 25 do not relate to this Defendant and thus no response is required. To the extent a responses is required, denied for lack of information or belief.

26. Defendant admits that Tanisha Williams had been arrested prior to his arrival on the scene of the incidents alleged in the Complaint. The remaining allegations in Paragraph 26 constitute conclusions of law to which no response is required. To the extent a response is required, denied.

27. The allegations in Paragraph 27 constitute legal conclusions to which no response is required. To the extent a response is required, denied.

## JOINT AND SEVERAL LIABILITY

28. Defendant hereby incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1 through 27 of Plaintiff's Amended Complaint.

29. The allegations in Paragraph 29 constitute legal conclusions to which no response is required. To the extent a response is required, denied.

## DISABILITY OF TANISHA WILLIAMS

30. Denied for lack of information or belief.

31. Denied for lack of information or belief.

32. Denied for lack of information or belief.

33. Denied for lack of information or belief.

492899 v1

34. Denied for lack of information or belief.

35. Denied for lack of information or belief.

36. Denied for lack of information or belief.

37. Denied for lack of information or belief.

38. Denied for lack of information or belief.

39. Denied for lack of information or belief.

40. Denied for lack of information or belief.

41. Denied for lack of information or belief.

42. Denied for lack of information or belief.

43. Denied for lack of information or belief.

44. Denied for lack of information or belief.

## FACTS

45. It is admitted, upon information and belief, that Williams entered the Citi Trends store on December 5, 2011. Except as admitted, denied for lack of information or belief

46. It is admitted that CMPD was dispatched to the Citi Trends store for a report of shoplifting by Williams. Except as admitted denied for lack of information or belief.

47. Admitted upon information and belief.

48. It is admitted that Goode and White responded to Citi Trends to transport Williams to the police station. It is also admitted that Goode and White asked her questions to determine her identity. Except as admitted denied as stated for lack of information or belief.

49. It is admitted that Goode and White assisted in detaining Williams while the arresting officer completed the paperwork associated with his arrest of Williams. Except as admitted, denied for lack of information or belief.

50. Defendant admits that Williams behaved in a manner consistent with other people in her age group who did not want to be arrested in that she cried at times, yelled at times and was quiet at times. Except as admitted, denied.

51. It is admitted that Goode and White put Williams in the back seat of Goode's car and that she was in handcuffs prior to that time. Except as admitted, denied.

52. It is admitted that Williams was put in the back seat of Goode's patrol car. Except as admitted, denied as stated or for lack of information or belief.

53. It is admitted that Goode and White were standing next to Goode's police car speaking to Williams while she was in the police car with the window partially down and that Williams suddenly began striking her own head against the Plexiglas shield between the front and back seats of the police car, causing damage to the Plexiglas. Except as admitted, denied as stated or for lack of information or belief.

54. Denied for lack of information or belief.

55. It is admitted that Goode and White were standing next to Goode's police car speaking to Williams while she was in the police car with the window partially down and that Williams suddenly began striking her own head against the Plexiglas shield between the front and back seats of the police car. Except as admitted, denied as stated or for lack of information or belief.

56. It is admitted that upon Williams' actions, Goode and White went to get restraints in the trunk of Goode's patrol vehicle in order to stop Williams from hitting her own head, and that she stopped striking her head against the Plexiglas shield before they actually utilized the restraints. Except as admitted, denied.

57. It is admitted, upon information and belief, that Goode turned the camera

492899 v1

in his car towards the back seat to record Williams' conduct when she began hitting her head. Except as admitted, denied.

58. It is admitted that the DMVR system for the police car in which Williams was detained was on while Williams was in the car and would record the audio and video from the incident. Except as admitted, denied.

59. Upon information and belief, any digital recordings from the incident described would be the property of the City and would be in their custody and control. Except as admitted, denied.

60. It is admitted that Goode and White spoke to Williams in an attempt to get her to stop banging her own head against the Plexiglas shield, including informing Williams that she could be charged with additional crimes for such actions. Except as admitted, denied.

61. Denied.

62. It is admitted that Goode and White noted that Williams behaved in a manner consistent with other people in her age group who did not want to be arrested in that she cried at times, yelled at times and was quiet at times. Except as admitted, the allegations contained in Paragraph 62, sections a. through e. are denied.

63. Denied.

64. The allegations in Paragraph 64 constitute legal conclusions to which no response is required. To the extent a response is required, it is admitted that Williams was in custody when she was hitting her head against the Plexiglas shield. Except as admitted, denied.

65. The allegations in Paragraph 65 constitute legal conclusions to which no response is required. To the extent a response is required, denied.

66. It is admitted upon information and belief that Williams wrapped the car's

seatbelt around her own neck while in the backseat of the patrol car and that it was hidden from the officers' view. Except as admitted, denied for lack of information or belief.

67. Denied.

68. Denied.

69. Denied.

70. Denied as stated or for lack of information or belief.

71. Denied.

72. Denied for lack of information or belief.

73. Denied for lack of information or belief.

74. Paragraph 74 is missing in Plaintiffs' Complaint.

75. Paragraph 75 is missing in Plaintiffs' Complaint.

76. Denied for lack of information or belief.

77. Denied for lack of information or belief.

78. Denied for lack of information or belief.

**FIRST CAUSE OF ACTION:**
**GROSS NEGLIGENCE OF DEFENDANT CITY OF CHARLOTTE**

79. Defendant hereby incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1 through 78 of Plaintiff's Amended Complaint.

80. The allegations contained in Paragraph 80 are not directed toward this Defendant and thus no response is required. To the extent a response is required, denied. It is specifically denied that Defendant White placed Plaintiff in unreasonable danger.

81. The allegations contained in Paragraph 81, subsections a. through f. are not directed toward this Defendant and thus no response is required. To the extent a response is required, denied.

82. The allegations contained in Paragraph 82 are not directed toward this Defendant and thus no response is required. To the extent a response is required, denied.

83. It is admitted that Defendant White was at all times acting within the course and scope of his employment as a CMPD officer. It is specifically denied that the Defendant is liable to Plaintiff under any statute, law or theory. The remaining allegations contained in Paragraph 83 are not directed toward this Defendant or constitute conclusions of law for which no response is required To the extent a response is required, denied.

## SECOND CAUSE OF ACTION:
## NEGLIGENCE/GROSS NEGLIGENCE OF DEFENDANT JOSEPH WHITE
**In his individual and official capacities**

84. Defendant hereby incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1 through 83 of Plaintiff's Amended Complaint.

85. The allegations contained in Paragraph 85, including subsections a. through f. are denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

## THIRD CAUSE OF ACTION:
## NEGLIGENCE/GROSS NEGLIGENCE OF DEFENDANT WAYNE GOODE III
**In his individual and official capacities**

92. Defendant hereby incorporates by reference, as if fully set forth herein, its

responses to Paragraphs 1 through 91 of Plaintiff's Amended Complaint.

93. The allegations contained in Paragraph 93, including subsections a. through f., do not relate to this Defendant and thus no response is required. To the extent a response is required, denied.

94. The allegations contained in Paragraph 94 do not relate to this Defendant and thus no response is required. To the extent a response is required, denied.

95. The allegations contained in Paragraph 95 do not relate to this Defendant and thus no response is required. To the extent a response is required, denied.

96. The allegations contained in Paragraph 96 do not relate to this Defendant and thus no response is required. To the extent a response is required, denied.

97. The allegations contained in Paragraph 97 do not relate to this Defendant and thus no response is required. To the extent a response is required, denied.

98. The allegations contained in Paragraph 98 do not relate to this Defendant and thus no response is required. To the extent a response is required, denied.

99. The allegations contained in Paragraph 99 do not relate to this Defendant and thus no response is required. To the extent a response is required, denied.

### FOURTH CAUSE OF ACTION: NEGLIGENCE/GROSS NEGLIGENCE OF DEFENDANT JOHN DOE
**In his individual and official capacities**

100. Defendant hereby incorporated by reference, as if fully set forth herein, its responses to Paragraphs 1 through 99 of Plaintiff's Amended Complaint.

101. The allegations contained in Paragraph 101 do not relate to this Defendant and thus no response is required. To the extent a response is required, denied.

102. The allegations contained in Paragraph 102 do not relate to this Defendant

492899 v1

and thus no response is required. To the extent a response is required, denied.

103. The allegations contained in Paragraph 103 do not relate to this Defendant and thus no response is required. To the extent a response is required, denied.

104. The allegations contained in Paragraph 104 do not relate to this Defendant and thus no response is required. To the extent a response is required, denied.

105. The allegations contained in Paragraph 105 do not relate to this Defendant and thus no response is required. To the extent a response is required, denied.

106. The allegations contained in Paragraph 106 do not relate to this Defendant and thus no response is required. To the extent a response is required, denied.

107. The allegations contained in Paragraph 107 do not relate to this Defendant and thus no response is required. To the extent a response is required, denied.

### FIFTH CAUSE OF ACTION:
### 42 U.S.C. § 1983 LIABILITY OF DEFENDANT OFFICERS
### In their individual and official capacities

108. Defendant hereby incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1 through 107 of Plaintiff's Amended Complaint.

109. Denied.

110. The allegations in Paragraph 110 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits that he complied with all applicable laws. Except as admitted, denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

492899 v1

115. Denied.

116. The allegations contained in Paragraph 116, including subsections a. through k. are denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

### SIXTH CAUSE OF ACTION: 42 U.S.C. § 1983 LIABILITY OF DEFENDANT CITY OF CHARLOTTE

121. Defendant hereby incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1 through 120 of Plaintiff's Amended Complaint.

122. The allegations contained in Paragraph 122 do not relate to this Defendant and thus no response is required. To the extent a response is required, denied.

123. The allegations contained in Paragraph 123 do not relate to this Defendant and thus no response is required. To the extent a response is required, denied.

124. The allegations contained in Paragraph 124 do not relate to this Defendant and thus no response is required. To the extent a response is required, denied.

125. The allegations contained in Paragraph 125 do not relate to this Defendant and thus no response is required. To the extent a response is required, denied.

126. The allegations contained in Paragraph 126 do not relate to this Defendant and thus no response is required. To the extent a response is required, denied.

127. The allegations contained in Paragraph 127 do not relate to this Defendant and thus no response is required. To the extent a response is required, denied.

128. The allegations contained in Paragraph 128 do not relate to this Defendant and thus no response is required. To the extent a response is required, denied.

129. The allegations contained in Paragraph 129 do not relate to this Defendant and thus no response is required. To the extent a response is required, denied.

**SEVENTH CAUSE OF ACTION:**
**Americans With Disabilities Act**
**Against City of Charlotte**

130. Defendant hereby incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1 through 129 of Plaintiff's Amended Complaint.

131. The allegations contained in Paragraph 131 do not relate to this Defendant and thus no response is required. To the extent a response is required, Defendant admits that 42 U.S.C. § 12101 (a)(2) in a document in writing that speaks for itself. To the extent the allegations contained in Paragraph 131 contradict that writing, denied.

132. The allegations contained in Paragraph 132 do not relate to this Defendant and thus no response is required. To the extent a response is required, Defendant admits that 42 U.S.C. § 12101(b)(1)-(2) is a document in writing that speaks for itself. To the extent the allegations contained in Paragraph 132 contradict that writing, denied.

133. The allegations contained in Paragraph 133 do not relate to this Defendant and thus no response is required. To the extent a response is required, Defendant admits that 42 U.S.C. § 12132 is a document in writing that speaks for itself. To the extent the allegations contained in Paragraph 133 contradict that writing, denied.

134. The allegations contained in Paragraph 134 do not relate to this Defendant and thus no response is required. To the extent a response is required, Defendant admits that 28 C.F.R. § 35.160 is a document in writing that speaks for itself. To the extent the allegations

contained in Paragraph 134 contradict that writing, denied.

135. The allegations contained in Paragraph 135 do not relate to this Defendant and thus no response is required. To the extent a response is required, denied for lack of information or belief.

136. The allegations in Paragraph 136 constitute conclusions of law to which no response is required. To the extent a response is required denied for lack of information or belief.

137. The allegations contained in Paragraph 137 do not relate to this Defendant and thus no response is required. To the extent a response is required, denied for lack of information or belief.

138. The allegations contained in Paragraph 138 do not relate to this Defendant and thus no response is required. To the extent a response is required, denied.

139. The allegations contained in Paragraph 139 do not relate to this Defendant and thus no response is required. To the extent a response is required, denied.

140. The allegations contained in Paragraph 140 do not relate to this Defendant and thus no response is required. To the extent a response is required, denied.

141. The allegations contained in Paragraph 141, including subsections a. through c., do not relate to this Defendant and thus no response is required. To the extent a response is required, denied.

142. The allegations contained in Paragraph 142 do not relate to this Defendant and thus no response is required. To the extent a response is required, denied.

143. The allegations contained in Paragraph 143 do not relate to this Defendant and thus no response is required. To the extent a response is required, denied.

492899 v1

**FIFTH DEFENSE**

The Eighth Amendment involves the State's custodial powers following a formal adjudication of guilt. Therefore, to the extent Plaintiff complains of a failure to provide Williams with adequate medical care, and that such failure deprived Williams of her constitutional rights, such claims are governed by the due process clause of the Fourteenth Amendment, not the Eighth Amendment.

**SIXTH DEFENSE**

Defendant's actions were consistent with Charlotte Mecklenburg Police Department's policies and practices and were in good faith, without any wrongful intent and with a reasonable belief that his conduct was in conformance with North Carolina state and federal laws, as well as consistent with the U.S. Constitution.

**SEVENTH DEFENSE**

Plaintiff's claims for damages are barred, reduced, and/or limited pursuant to applicable statutory provisions and common law doctrines regarding limitations on awards, caps on damages, laches and setoffs. Further, plaintiff's claims for punitive damages are barred by N.C.G.S. § 1D *et. seq.* and by the Constitution of the United States and North Carolina.

**EIGHTH DEFENSE**

Plaintiff's claims for damages are barred, reduced, and/or limited by her own misconduct, negligence, gross negligence, willful and wanton conduct and/or contributory negligence.

**NINTH DEFENSE**

Legal justification is pled as an affirmative defense in bar of Plaintiff's right to recover in this action.

**TENTH DEFENSE**

Defendant alleges that at all times relevant to this action, he was acting without malice and with a good faith belief that his duties were carried out in accordance with the Laws and the Constitutions of the United States and the State of North Carolina, and as such, are protected by the Doctrine of Public Officers or Public Officials immunity as well as qualified immunity.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

**TWELFTH DEFENSE**

The allegations contained in Plaintiff's Complaint fail to establish by clear and convincing evidence that Defendant acted with evil motive or intent or reckless or callous disregard for Williams.

**THIRTEENTH DEFENSE**

Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

**FOURTEENTH DEFENSE**

Defendant reserves the right to plead additional affirmative defenses as may be revealed during disclosure and/or discovery proceedings in this matter and likewise plead all defenses pled by all co-defendants in this action.

WHEREFORE, Defendant prays unto the Court as follows:

1. That Plaintiff have and recover nothing of this answering Defendant;

2. For the dismissal of Plaintiff's action;

3. For the cost of defending this action, including reasonable attorney's fees

and expert witness fees pursuant to 42 U.S.C. 1988;

    4.    For such other and further relief as the Court may deem just and proper;

and

    5.    For a trial by jury of all issues triable herein.


This the 26th day of October, 2015

CRANFILL SUMNER & HARTZOG, LLP


BY: /s/ Patrick H. Flanagan
PATRICK H. FLANAGAN, State Bar No. 17407
Attorneys for Defendant Joseph White
Post Office Box 30787
Charlotte, North Carolina 28230
Telephone: (704) 332-8300
Facsimile: (704) 332-9994
E-mail: phf@cshlaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2015, a copy of the foregoing **Answer of Joseph White to Amended Complaint** was filed electronically. Notice of filing will be sent to all parties by operation of the Court's electronic filing system, including:

William H. Harding
Law Offices of William H. Harding
bill@williamharding.com

Charles Ali Everage
Everage Law Firm, PLLC
cae@everagelaw.com

Lori R. Keeton
Lincoln Derr, PLLC
Lori.keeton@lincolnderr.com

Jason Benton
Parker Poe Adams & Bernstein
jasonbenton@parkerpoe.com

Daniel E. Peterson
City of Charlotte
dpeterson@ci.charlotte.nc.us

This the 26th day of October, 2015.

          CRANFILL SUMNER & HARTZOG, LLP

          BY: /s/ Patrick H. Flanagan
            PATRICK H. FLANAGAN, State Bar No. 17407
            Attorneys for Defendant Joseph White
            Post Office Box 30787
            Charlotte, North Carolina 28230
            Telephone: (704) 332-8300
            Facsimile: (704) 332-9994
            E-mail: phf@cshlaw.com