UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00683-MOC-DCK

| | | |
|---|---|---|
| **DARLENE TALLEY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **CITY OF CHARLOTTE** | ) | |
| **MECKLENBURG COUNTY** | ) | |
| **JOHN DOE** | ) | |
| **JASON VAN AKEN** | ) | |
| **JOSEPH WHITE** | ) | |
| **DANNY LEUNG** | ) | |
| **WAYNE GOODE III,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on defendants' Motion to Strike Plaintiff's Expert Reports and to Exclude Plaintiff's Expert Testimony. The court has carefully considered defendants' supporting memorandum, plaintiff's "Motion in Opposition,"[1] and defendants' Reply.

As accurately summarized in defendants' Reply, the expert report of Lurae Ahrendt (Certified Life Care Planner) was incomplete and that the report of Gary Albrecht (economist) was served more than five months out of time and does not comply with the disclosure requirements of Rule 26(a)(2)(B)(v)( and (vi). Defendants contend that plaintiff's supplementation of the Ahrendt Report on or about November 24, 2015, is insufficient as it fails to explain the delay and does not comply with the court's Case Management Plan. Essentially, defendants argue that plaintiff has not and cannot show good cause or excusable neglect justifying the non-compliance

---

1 Counsel for plaintiff is reminded that the pleading should have been captioned *Response* in Opposition as provided in L.Cv.R. 7.1.

1

with the deadlines provided in the Pretrial Order. As to the Albrecht Report, plaintiff contends that she did not know it was necessary to have an economist render an opinion on the present value of the life care plan and that such opinion could not, in any event, be reached until the life care plan was complete. Defendants point to the North Carolina Pattern Jury Instructions, which they believe has long suggested the requirement of obtaining expert testimony on the issue of present value of future damages. See N.C.P.I. Civ. § 810.16. While North Carolina law has long held that "damages for losses which may occur in the future, such as the future interest rate payments in this case, must be reduced to the present worth of such losses, and it is error not to do so," Watts v. N. Carolina Dep't of Env't & Nat. Res., 182 N.C. App. 178, 186 (2007), aff'd in part as modified, 362 N.C. 497 (2008), the court finds nothing in the pattern instruction or reported state cases that mandates that a plaintiff present evidence of present value through expert opinions, discussed at greater length *infra*. Defendants argue that the court should strike both reports as being non-compliant with the Case Management Plan.

I.

Defendants argue that the Albrecht Report should be stricken because it does not comply with Rule 26(a)(2)(B) or the Case Management Plan. Although defendants correctly cite to a number of cases, the court has taken into consideration the recent amendments to the Federal Rules of Civil Procedure, which came into effect December 1, 2015. Overall, the 2015 amendments instruct that the Rules are to be "employed by the court and the parties" to secure just and speedy adjudication. While defendants cite Akeva L.L.C. v. Mizuno Corp., 212 F.R.D. 306 (M.D.N.C. 2002) for the proposition that Rule 26(e) only allows for supplementation of an expert when the report is misleading, this court reads the "incorrect *or* incomplete" provision of the rule as being

2

in the disjunctive and concludes that the words "incorrect" and "incomplete" have distinct meanings which can be discerned from a plain reading of words. Fed.R.Civ.P. 26(e)(1)(A) (emphasis added). Here, the Ahrendt Report was clearly "incomplete" for the reasons provided in defendants' motion. Plaintiffs have through supplementation corrected that problem well within the meaning of the term "incomplete" as the initial report was clearly incomplete when served.

Defendants correctly point to a further error of counsel in not providing the reason for such omission in admissible form; while that is clearly a problem, what the court is ultimately concerned with is whether striking the expert report would be a just resolution. Had such been made in admissible form, the court would have certainly allowed the supplementation. Considering the allegations of the Complaint – that plaintiff suffered injuries while in police custody, including brain damage – it would not be just to strike plaintiff's damage expert. Inasmuch as trial is still seven months away, any misstep of counsel is substantively harmless as defendants have plenty of time to counter any newly promulgated opinion. See Southern States Rack & Fixture, Inc. v. Sherwin–Williams Co., 318 F.3d 592, 597 (4th Cir. 2003). The court will not strike the Ahrendt Report.

II.

As to the Albrecht Report, the problem is that such report comes months after the expert report deadline passed and was in no manner preceded by a Motion for Leave to File Expert Report Out-of-Time. While defendants argue that it should have been obvious to plaintiff's counsel that it would be necessary to employ an economist to render a present value opinion well before the deadline set in the Pretrial Order, the court is not as certain that the pattern instruction creates a *per se* rule that a plaintiff must employ an expert economist for a jury to determine present value:

810.16 PERSONAL INJURY DAMAGES - FUTURE WORTH IN PRESENT VALUE.

> Any amount you allow as future damages for [medical expenses] [loss of earnings] [pain and suffering] [scars and disfigurement] [loss (of use) of part of the body] [permanent injury] [state any other type of damage supported by the evidence] must be reduced to its present value, because a smaller sum received now is equal to a larger sum received in the future.
>
> (Notwithstanding, there is evidence before you that the calculation of the plaintiff's future [medical expenses] [loss of earnings] [pain and suffering] [scars and disfigurement] [loss (of use) of part of the body] [permanent injury] [state any other type of damage supported by the evidence] [has] [have] already been reduced to [its] [their] present value(s). Whether [it] [they] [has] [have] in fact been so reduced is for you to determine from the evidence using logic and common sense. Therefore, if you find that any type of future damage has already been reduced to its present value, you must not reduce it again.)

N.C.P.I. Civ. § 810.16. Indeed, the court can find no clear requirement in North Carolina case law, the pattern instruction, or relevant federal case law that plaintiff must present expert evidence of the present value of her claim for future damages. As one commentator observes,

> [t]he courts are split on whether it is necessary to introduce expert testimony to explain the concept of discounting an award to present value or to supply suggested discount and inflation rates and/or mathematical calculations. While some courts have permitted, for example, a local banker to testify as to the fair return on a safe investment, or a mathematician an actuary, or an accountant to testify concerning the procedure by which the reduction to present value should be calculated, other courts have held that expert testimony is permitted but not required, and that the jury should generally be left to its own discretion as to what discount factors should be used.

3 *Stein on Personal Injury Damages Treatise* § 15:10 (3d ed.). This court concludes that it was only in reaction to defendants' motion that plaintiff concluded that a present value expert was required. While not required, such expert opinion would certainly be helpful to a fact finder.

The court does agree with defendants that the designation and report come well after the deadline and without leave; however, the just solution is not to strike the expert, but to allow defendants an opportunity to hire their own rebuttal expert and to request additional expenses such

out-of-time report has caused (beyond the regular costs of the rebuttal expert) at the conclusion of trial.  As far as the failure to request leave, the court views that issue of non-compliance as more of a failure to comply or, perhaps, understand the Federal and Local Rules, and finds the appropriate remedy is an educational one, which the court will consider at the close of trial.  Again, striking the expert opinion would not be proportional and would in no manner further a just result in this case.  <u>Southern States Rack & Fixture, Inc.</u>, <u>supra</u>.  If defendants need additional time to hire a present value rebuttal expert, leave to designate a rebuttal expert out-of-time is granted and defendants will have 60 days within which to designate and serve the report of such a rebuttal expert.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendants' Motion to Strike Plaintiff's Expert Reports and to Exclude Plaintiff's Expert Testimony (#36) is **DENIED**, the issue of expenses or other sanction is reserved for further consideration at the conclusion of trial, and defendants are allowed 60 days within which to designate and serve the report of any rebuttal expert on the issue of present value if so desired.

Signed: February 12, 2016

Max O. Cogburn Jr.
United States District Judge